IN THE UNITED STATES FEDERAL DISTRICT

COURT FOR THE DISTRICT OF COLORADO

FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

2019 AUG 12 PM 3: 09

JEFFREY P. COLWELL
CLERK

BY_____DEP. CLK

John D. Lucero]

Gyshia L.Lucero]

Plaintiff  ]

Vs. ]

Eva Grina]

McCarthy and Holthus, LLP. ]

Federal National]

Mortgage Association]

Defendant's  ]

Request for Jury Trial

Reserve the Right to Amend

Case #19 - CV - 02299

## 5.5 MILLION DOLLAR CIVIL LAWSUIT FOR NON- JUDICIAL WRONGFUL FORECLOSURE

[ "Cujusque Rei Potissima Pars"][The Principle Part of Everything Is in The Beginning]

John D. Lucero along with Gyshia L. Lucero, proceeding *in propia persona*, and files civil lawsuit for wrongful foreclosure on the property located at 7400 1500 Ct Delta, Co, 81416, also known as 1496 HWY 50 #4 Delta, Co. 81416. I have reserved my rights under the UCC 1-308, formally 1-207, and demand the statutes used in this court be construed in harmony with Common Law. The code is complimentary to the common law, which remains in force, except where displaced by the code. A statute should be construed in harmony with the common law, unless there is a clear legislative intent to abrogate the common law. The code was written as not to abolish the common law entirely. I was not involved with an international maritime contract, so in good faith, I deny that such a contract exists, and demand the court proceed under Common Law Jurisdiction. I'm only aware of two jurisdiction the court can operate under as per the Constitution, and those jurisdictions are Common Law, and Admiralty Jurisdiction.

If the court chooses to proceed under Admiralty Jurisdiction, I' will need the court to inform me where I' can find the rules of procedures for admiralty jurisdiction for my review, to avoid a violation of my due process, which will result in a civil claim against the court for obstruction of the administration of justice. Plaintiff States the exact accounting of the accounting entries are not provided because the original promissory note was bundled and sold in the securitization process. The Original Promissory note that evidences the alleged debt was never provided in the foreclosure paperwork to verify a loan was made. The promissory note includes the interest rate, the payment amounts and terms, it will have the signatures of the parties to the contract, and the buyer's promise to pay the lender the amount borrowed plus interest. The wrongful foreclosure is Void, as it did not contain the legal documents to verify a loan, the terms, amount loaned, or any documentation signed by the lender to verify a loan was provided to the plaintiff. There is no admissible evidence to verify the lender signed a contract to provide a loan. The mere fact the lender accepted the borrower's name on the lien to the property will prove the borrower owned the property free and clear. The plaintiff is properly claiming the foreclosure is "Void" due to the fact the wrong beneficiary executed the power of sale clause without standing. Plaintiff demands that his *Pro se* status be recognized and treated by the Court as The United States Supreme Court, and US District Courts have held such status be recognized and treated. "A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers". *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S. Ct. 594, 30 L.Ed.2d 652 (1972); see also *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 292, 50 L.Ed.2d 251 (1976); *Gillihan v. Shillinger*, 872 F.2d 935, 938 (10th Cir.1989). "We hold pro se pleadings to a less stringent standard than pleadings drafted by attorneys and construe them liberally". *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). The exact accounting of the accounting entries is not provided because the original promissory note was bundled and sold in the securitization process.

## Jurisdiction:

The Constitution and 28 U.S.C. § 1332 vest federal courts with jurisdiction to hear cases that "arise under" federal law. The Constitution vests federal courts with the authority to hear cases "arising under th[e] Constitution [or] the Laws of the United States." U.S. Const. art III, § 2. Congress vests federal district courts with subject-matter jurisdiction over cases involving questions of federal law: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

## FACTS OF THE DISPUTE:

a. The fact the defendant's filed wrongful foreclosure lawsuit in State court against the plaintiff will verify the defendant's contracted to provide a loan to the plaintiff, and the defendant's owed a legal duty to the plaintiff.

b. The defendant's duty was breached because they never provided a loan to the plaintiff.

c. The alleged loan was an exchange, of the plaintiff's signed promissory note for electronic credits from Federal Reserve.

d. Promissory Notes and other commercial instruments are legal tender and financial assets to the originator and a liability to the lender. UCC §1-201(24), §3-104, §3-306, §3-105, UCC §§8-102 (7), (9), (15), (17), §8-501, §8-503, §8-511, UCC §§9-102(9), (11), (12)(B), (49), (64), 12 USC 1813(l)(1).

e. The defendant's accounting records will show the corporation has an offsetting liability to the homeowner pursuant to FAS 95, GAAP and Thrift Finance Reports (TFR), and the alleged loan was always an asset of the defendants.

f. These records include: a. FR 2046 balance sheet, b. 1099-OID report, c. S-3/A registration statement, d. 424-B5 prospectus and, e. RC-S & RC-B Call Schedules.

g. The corporation never registered the commercial instrument because they knew it was a financial asset to the debtor, and there was a breach.

h. The breach of contract has damaged the plaintiff in the following manner, and plaintiff is demanding compensatory damages to reimburse the plaintiff for costs associated with the injury.

All the monthly payments made on a fake loan plus interest for the number of year's payments were made, legal expenses.  Details listed below.

| | |
|---|---|
| All Payments Plus Interest on Loans | 39,000.00 |
| Fax and Copy | 500.00 |
| Third Party Assistance | 4,500.00 |
| Bankruptcy Attorney | 1,500.00 |
| Legal Assistance | 900.00 |
| Time, Travel/ Room and Board | 500.00 |
| Emotional Distress / Punitive Damages | 100,000.00 |

i. Plaintiff also demand punitive damages as a remedy for the defendant's conduct that was intentional and excessively reckless. The wrongful foreclosure has cause negative affect on plaintiff's credit report.

j. The plaintiff also has other claims for relief because he will prove there was or a conspiracy to deprive him of property without the administration of justice, in violation of plaintiff's due process of law under Title 42 U.S.C. 1983 (Constitutional injury), 1985 (Conspiracy) and 1986 ("Knowledge" and "Neglect to Prevent" a U.S. Constitutional Wrong).

k. Under Title 18 U.S.C.A. 241 (Conspiracy), violators "shall be fined not more than $10,000 or imprisoned not more than ten (10) years or both." **The foreclosing party lacked standing to foreclose** because he did not have legal authority to execute the power of sale clause in the deed of trust, and therefore the "Notice of Notice of Default and Election To Sell" document has a "Fatal Defect" which robbed the legal system of Jurisdiction and the Non – Judicial foreclosure is unlawful.

l. The legal Trustee is the only person who has standing to execute the power of sale clause in the deed of trust. In this case there is no legal trustee because the promissory note and deed of trust was never registered into the trust, because it was bundled and sold during the securitizing process.

m. The deed of trust states the repayment of the debt is evidenced by the "NOTE," however the "Original" note was not filed in the record or included in the notice of notice of default and election to sell document.

n. Without that Note, the defendants cannot verify there was any debt.

o. It is well known in the legal community **a trust deed** is always used together with a **promissory note** that sets out the amount and terms of the alleged loan.

p. The deed of trust, and the promissory note must always be together, and without the note and the loan accounting entries, the attorney has failed to prove there was any debt, a second fatal flaw to the wrongful foreclosure.

Plaintiff's claims are brought forward Under Common Law:

## Elements for Common Law:

1. Controversy (The listed defendants)

2. Specific Claim (wrongful foreclosure)

3. Specific Remedy Sought by Claimant (5.5 million dollars)

4. Claim Must be Sworn To (Affidavit of Verification attached), and I will verify in open court that all herein be true.

## I. PARTIES:

1.1 John and Gyshia Lucero are resident of Delta County, Colorado.

1.2   Academy Mortgage Corporation does business in Utah and is the original lender for the mortgage loans assigned to John D. Lucero.  Who Then assigned the loans to REMS and ultimately Federal National Mortgage Association?

1.3 EMC Mortgage Corporation does business in the state of Texas and at relevant times serviced loans acquired by Academy Mortgage Corporation and Ultimately Federal National Mortgage Association.

1.4 J. P. Morgan Chace Bank does business in the state of New York, and at relevant times serviced a loan acquired by EMC Mortgage Corporation, and ultimately by the Federal National Mortgage Association.

1.5 Seterus does business in the state of Michigan, and at relevant times serviced a loan acquired by J. P. Morgan Chace Bank and ultimately by the Federal National Mortgage Association.

1.6 McCarthy and Holthus, LLP is believed to be a law firm corporation operated from San Diego, California and is in the business of conducting non-judicial foreclosures in Delta County, Colorado.

## II. FACTUAL ALLEGATIONS AND FIRST CLAIM: BREACH OF CONTRACT

2.1 On or about February 6, 2006 the plaintiffs purchased a home and obtained two mortgage loans from Academy Mortgage Corporation, in the approximate amount $179,000.00.

2.2 The plaintiff was never provided a loan; plaintiff's signed promissory note was the source of the electronic credits claimed to be a loan to plaintiff.

2.3 The alleged loan was created with plaintiff's signature because all commercial instruments such as promissory notes, credit agreements, bills of exchange and checks are defined as legal tender, or money, by the statutes such as 12 USC 1813(l)(1), UCC §1-201(24), §3-104, §8-102(9), §§9-102(9), (11), (12)(B), (49), (64).

2.4 **These statutes define a promissory note or security to be negotiable (sellable) because it is a financial asset. This is necessary because contracts requiring lawful money are illegal pursuant to Title 31 USC §5118(d) (2). All debts today are discharged by promises to pay in the future.**

2.5 Federal Reserve notes are registered securities and promises to pay in the future. They are secured by liens on promissory notes of collateral owned by real people.

2.6 The statutes do not provide the Federal Reserve Corporation a monopoly on promissory notes, as debt collectors insist.

2.7 Plaintiff's signature created the promissory note in dispute, and it was sold to the Federal Reserve in exchange for plaintiff's signed note.

2.8 Plaintiff's promissory note never became a registered security, and a financial asset that can be negotiated because for a commercial instrument to be legal tender, they must be secured by a maritime lien on a prepaid trust account recorded at the county and registered on a UCC1. It then becomes a registered security and a financial asset that can be negotiated.

2.9 The defendants further complicated the fraudulent process by selling their payables to another entity to remove it from their balance sheet.

3.0 **This is called securitization or off-balance sheet financing.** No loan was provided to the plaintiff, and the defendant's failed to file evidence on the record to prove a contract existed.

3.1 The original contract and an accounting of the loan entries was never filed in the wrongful foreclosure case that was filed against plaintiff's property.

3.2 The Attorney who signed the "notice of default" document to execute the power of sale clause did not have standing, and therefore notice of default has a fatal flaw, and the foreclosure judgment must be vacated and this claim granted for the full amount demanded.

### III. SCHEME TO DEFRAUD:

3.1 The contract should be rescinded because the defendant did not provide full disclosure, the contract is extremely deceptive and unconscionable, In re Pearl Maxwell, 281 B.R. 101

3.2 The Truth in Lending Act, Regulation Z, 12 CFR §226.23, states that the security agreement signed with a lender can be rescinded if they have not provided the proper disclosures. The original debt was zero because the Plaintiff's financial asset was exchanged for FED's promissory notes in an even exchange.

3.3 Promissory Notes and other commercial instruments are legal tender and financial assets to the originator and a liability to the lender. If a security interest in the note is perfected, by recording it on a lien as a registered security, the maker or originator becomes an entitlement holder in the asset. **But the defendant's do not understand that they have this liability because most people are unaware of it.**

a.      UCC §1-201(24),  §3-104, §3-306, §3-105,

b.      UCC §§8-102 (7), (9), (15), (17), §8-501, §8-503, §8-511

c.      UCC §§9-102(9), (11), (12)(B), (49), (64)

d.      12 USC 1813(l)(1)

3.4 The defendant's records will show the defendants have an offsetting liability to the plaintiff pursuant to FAS 95, GAAP and Thrift Finance Reports (TFR).

These records include:

a. FR 2046 balance sheet,

b. 1099-OID report,

c. S-3/A registration statement,

d. 424-B5 prospectus and

e. RC-S & RC-B Call Schedules

3.5 The defendants never registered the plaintiff's signed promissory note (commercial instrument), because they know it is showing as a financial asset on their books.

 3.6 The defendants did not register the promissory note to establish a security interest in the financial asset to take the position of a secured creditor.

3.7 The promissory note is not listed on a maritime lien against the prepaid trust account and filed with the county recorder and put on a UCC1.

a. §8-102(13), §9-203; §9-505, §9-312

b. 46 USC §§31321, 31343,   46 CFR 67.250, §9-102(52), §9-317, §9-322

3.8 Plaintiff demanded the original foreclosure claim to be set off for recoupment, and to have the assets cancel out the liabilities according to:

a. FAS 140, §3-305, §3-601, §8-105, §9-404

3.9 It is a violation of both State and Federal law for a bank to sell an unregistered note that is a security that violation provides a right to rescission of the contract pursuant to Statutes.

### IV. DETRIMENTAL RELIANCE:

Detrimental reliance is a legal concept under the law of contracts. Ordinarily, a valid contract requires a proper exchange of consideration between the parties.

The plaintiff alleges facts establishing detrimental reliance:

4.1 The wrongful foreclosure case (that is the result of these claims) filed against the plaintiff in State Court will verify a. A promise was made between the parties. b. The plaintiff reliance on the promise was reasonable or foreseeable. c. There was actual and reasonable reliance on the promise. d. The reliance was detrimental. Injustice can only be prevented by enforcing the promise

4.2 The plaintiff signed a lien against his property in return for a loan and no loan was ever provided.

4.3 The plaintiff was tricked into repaying 11.00.63 a month plus taxes for 12 years, when there was never any loan provided.

4.4 The unlawful lien against the plaintiff's property blocked him from selling the property and moving his family into a nicer home.

4.5 The payments made to the defendant's interfered with the Plaintiff opening his new business, providing for his children's education because of the payments made to the defendants for the fake loan.

4.6 The payments to the defendant's for the fake loan caused the plaintiff to be short of money to pay bills on time which caused the plaintiff's credit score to drop, which blocked plaintiff from getting the best financing, jobs, and plaintiff has even blocked from qualifying for housing and credit cards.

## IV. THIRD CLAIM UNLAWFUL DECEPTION IN THE ORIGINAL FORECLOSURE CASE:

4.1 The promissory note used to gain the court's jurisdiction in the wrongful foreclosure is fraudulent, the document was used in court as a security when it was never registered.

4.2 The Original promissory note signed to lien the property was the real source of the alleged loan.

4.3 Fact is the money the bank is claiming was a loan was generated by the plaintiff's signature.


## V. FOURTH CLAIM RICO:

5.1 In a Debtor's RICO action against its creditor, alleging that the creditor had collected an unlawful debt, an interest rate (where all loan charges were added together) that exceeded, in the language of the RICO Statute, "twice the enforceable rate," the Court found no reason to impose a requirement that the Plaintiff show that the Defendant had been convicted of collecting an unlawful debt, running a "loan sharking" operation.

5.2 The debt included the fact that exaction of a usurious interest rate rendered the debt unlawful and that is all that is necessary to support the Civil RICO action. Durante Bros. & Sons, Inc. v. Flushing Nat. Bank, 755 F.2d 239, cert. denied, 473 US 906 (1985).

5.3 The Supreme Court found that the Plaintiff in a civil RICO action need establish only a criminal "violation" and not a criminal conviction. Further, the Court held that the Defendant need only have caused harm to the Plaintiff by the commission of a predicate offense in such a way as to constitute a "pattern of Racketeering activity." That is, the Plaintiff need not demonstrate that the Defendant is an organized crime figure, a mobster in the popular sense, or that the Plaintiff has suffered some type of special Racketeering injury; all that the Plaintiff must show is what the Statute specifically requires.

5.4 The RICO Statute and the civil remedies for its violation are to be liberally construed to affect the Congressional purpose as broadly formulated in the statute. Sedima, SPRL v. Imrex Co., 473 US 479 (1985)

## VI. FIFTH CLAIM: WRONGFUL FORECLOSURE

6.1 As a proximate result of the negligent or reckless conduct of J. P. Morgan Chace Bank and Seterus Inc., Federal National Mortgage Association and the attorneys Foreclosure Services the plaintiff' credit has been impaired and they are threatened with the eminent loss of their property despite the fact the bank never made a real loan.

6.2 The foreclosing party did not have standing to execute the power of sale clause in the deed of trust, and therefore the "Notice of Notice of Default and Election To Sell" civil document has a "Fatal Flaw" which robbed the legal system of Jurisdiction and the wrongful foreclosure is unlawful. The exhibits "A" a copy of the deed of trust will show who the alleged trustee is not the person who executed the power of sale clause, and exhibit "B" a copy of the notice of default will show the attorney's name who signed the document to execute the power of sale clause.

6.3 These documents will show the defendant who invoked the power of sale was not the true beneficiary. (See Herrera v. Federal National Mortgage Assn. (2012) 205 Cal.App.4th 1495, 1506. The plaintiff is seeking damages for wrongful foreclosure, and he has shown that (1) there was an irregularity in the foreclosure sale and (2) the irregularity caused the plaintiff damages. See University Sav. Ass'n v. Springwoods.

6.4 The legal Trustee is the only person who can sign to execute the power of sale clause in the deed of trust. In this case there is no legal trustee because the promissory note and deed of trust was never registered into the trust, because it was bundled and sold during the securitizing process.

6.5 Unless enjoined, the plaintiffs will suffer irreparable harm and will not have an adequate remedy at law.

6.6 As a proximate result of the negligent actions of both defendants, the plaintiffs have suffered consequential damage and will continue to suffer additional damage in an amount to be fully proved at the time of trial.

## VII. SIXTH CLAIM: SLANDER OF TITLE

7.1 The defendants have caused to be recorded various documents including a Notice of Trustee Sale which has impaired the plaintiff's title which constitutes slander of title and the plaintiff should be awarded resulting damages to be fully proved at the time of trial.

## VIII. SEVENTH CLAIM: VIOLATION OF THE CONSUMER PROTECTION ACT

8.1 The defendants have engaged in a pattern of unfair practices in violation of the Colorado Revised Statutes **C.R.S. 6-1-113**

Damages

(1) The provisions of this article shall be available in a civil action for any claim against any person who has engaged in or caused another to engage in any deceptive trade practice listed in this article. An action under this section shall be available to any person who:

(a) Is an actual or potential consumer of the defendant's goods, services, or property and is injured as a result of such deceptive trade practice,...

***

(2) Except in a class action or a case brought for a violation of section 6-1-709, any person who, in a private civil action, is found to have engaged in or caused another to engage in any deceptive trade practice listed in this article shall be liable in an amount equal to the sum of:

(a) The greater of:

(I) The amount of actual damages sustained; or

(II) Five hundred dollars; or

(III) Three times the amount of actual damages sustained, if it is established by clear and convincing evidence that such person engaged in bad faith conduct; plus

(b) In the case of any successful action to enforce said liability, the costs of the action together with reasonable attorney fees as determined by the court.

Consumer Protection Act, entitling the plaintiff to damages, treble damages and reasonable attorney fees and costs pursuant to the statute.

## IX. EIGHT CLAIMS: SLANDER OF CREDIT

9.1 The plaintiff allege that the actions and inactions of the defendants have impaired their credit causing them to lose the ability to have good credit entitling them to damages, including statutory punitive damages pursuant to state and federal law, all to be proved at the time of trial.

## X. NINTH CLAIM INFLICTION OF EMOTIONAL DISTRESS

10.1 The defendants have intentionally or negligently taken actions which have caused the plaintiffs severe emotional distress.

## XI. THE ALLEDGED LOAN:

11.1 The exact monthly payments of the alleged mortgage loan varied according to property taxes and other fees paid but a typical monthly payment was $1496.36 including reserves for the payment of taxes and insurance.

11.2 Beginning in February 2006 and continuing until July of 2018 the plaintiffs made timely payments to Academy Mortgage Corporation, EMC Mortgage Corporation and  J. P. Morgan Chace Bank until such time as one loan was charged off and the main  loan was assigned to Seterus Inc, now under Mr. Cooper Group, and, thereafter, payments were made to Seterus Inc.

11.3 In early 2016, J. P. Morgan Chace Bank claimed the plaintiff was behind on payments and hired Foreclosure attorney to commence foreclosure.

11.4 On December 26, 2016, a Notice of Default was issued and signed by the attorney working for the Foreclosure Services and approximately 30 days letter, a Notice of Trustee Sale scheduling a non-judicial foreclosure for May 30, 2017,  was transmitted to the plaintiff.

11.5 J. P. Morgan Chace Bank and/or the attorney operating the Foreclosure Services transmitted to various credit reporting agencies, including Equifax, false adverse information about the plaintiff, causing his credit to be impaired.

11.6 In late 2018, after the defendant attempted a Chapter 13 bankruptcy, which was unsuccessful due to loss of income, ( at no fault of the barrower or supporting spouse), the attorney's for J.P. Morgan Seterus and ultimately Federal National Mortgage Association filed for a lift of stay to pursue the foreclosure with the District 10 Bankruptcy Courts in Denver Co.

## XII. LEGAL PREJUDICE:

Legal prejudice refers to a condition shown by a party that will defeat the action of an opposing party. In other words, it is a fact or condition which may defeat the opposing party's case, if the same is established or shown by a party to litigation.

The plaintiff provides evidence in the notice of default document and the Deed of trust that will prove the power of sale was executed by an agent without standing, and this prejudiced the plaintiff and therefore request damages both compensatory and punitive as relief for the prejudice suffered.

## XIII. FAILURE TO ESTABLISHING AGENCY:

The people have rights, Corporations do not have rights. Among these "Rights" is the right to contract, the people have this right under 42 USC 1981. The people exercise this right by their signature and/or Social Security Number. **Corporations cannot sign and therefore cannot enter into any contract, with an attorney.** The right to contract is reserved to the people. This is established by the age-old principle of "Agency". To establish an "Agency", the "Principal" must ask the "Agent" to perform a task. The "Agent" must agree to perform the task. It is a time-tested principle, of "American Jurisprudence" that the "Court" must not rely upon the" Agent" to prove" Agency". The "Court" must follow the "Principal" to establish "Agency". The law is simple no "Principal" no "Agency" to "Capacity to Sue". Case must be dismissed.

## IXV. FRAUDULANT CIVIL ACTION WAS FILED IN STATE COURT:

This civil action filed against the plaintiff in State court was "Fraudulent" because the attorneys are claiming a "Corporation" has rights, privileges, and immunities in court, common knowledge dictates a Corporation is an artificial person without natural rights. For an attorney to file a civil action with a "Corporation" as "Plaintiff" is clear "Fraud on the Court". A "Corporation" cannot sign a "Power of Attorney" or give any attorney verbal instructions to act on its behalf. Therefore, no attorney can lawfully represent any "Corporation in court".

**Wherefore**, having set forth various causes of action against the defendants, the plaintiffs pray for the following relief:

1. This Court Void the foreclosure sale process that started on December 21, 2016, based on the attorney's fraudulent misconduct mentioned in the claim, and grant damages.

2. That the actions of defendants be determined to be unfair and deceptive business practices in violation of Federal Laws, and Federal Security statutes;

3. To have the alleged debt discharged.

4. To be awarded compensatory and punitive damages provided for in the amount of 5.5 million dollars including costs and legal expenses;

5. That the Plaintiff be awarded consequential damages to be fully proved at the time of trial;

6. That the Plaintiff be awarded fees and costs pursuant to the written loan agreements which bind the defendants; and

7. That the Court grant any other relief that may be just or equitable.

8. The defendants contact the credit reporting agencies and correct the false information that was reported to them.


_____ 08/12/2019

John D. Lucero

_____ 08/12//2019

Gyshia L. Lucero

# CERTIFICATE OF SERVICE

I hereby certify that on the ___12___ th day of __August__, 8/12/2019, the foregoing document was filed in Court, and a copy was mailed out to Plaintiff's attorney on record.

_____ 8/12/2019

John D. Lucero

_____ 08/12/2019

Gyshia I. Lucero

Without Prejudice UCC 1-308

Mailed to the following :

Eva Grina

770 E Arapahoe Road, Suite 230

Centennial, Co. 80112

McCarthy and Holthus

2763 Del Rio South

San Diego,  Ca. 92108

Federal National Mortgage Association

Executive Vice President, General Council, Corporate Secretary

3900 Wisconsin Avenue, NW

Washington, DC 20016

Bureau of Consumer protection

Federal Trade Commission

600 Pennsylvania Ave., NW. Washington

**VERIFICATION:**

I, John D. Lucero and Gyshia L. Lucero declare under penalty of perjury in accordance with the Laws of the United States of America that the foregoing is true and correct and complete to the best of my knowledge and belief.

*Monday* _____ on this _/2_ st Day, of _2019_ 8/12/2019

On this _Mon_ day of _12th 2019_, 8/12/2019 before me, the undersigned, a Notary Public in and for the State of Colorado personally appeared the above-signed, known to me to be the one whose name is signed on this instrument, and has acknowledged to me that he has Executed the same.

Signed: _____

Printed Name: _____

My Commission Expires: _____

Date: _____ Common Law Seal: _____